PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARMANDO PEREZ, | ) | |
| | ) | CASE NO. 4:12CV03068 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MICHAEL PUGH, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Armando Perez filed this *Bivens*[1] action against Defendants Northeast Ohio Correctional Center ("NEOCC") Warden Michael Pugh, NEOCC Assistant Warden Dennis Johnson, and NEOCC Medical Administrator "D. Hivner." In the Complaint ECF No. 1, Plaintiff alleges he has been denied appropriate medical care. Subsequent to the filing of the Complaint, Plaintiff filed a Supplement expanding upon the allegations of the Complaint. ECF No. 5.

## I. Background

Plaintiff is a federal inmate incarcerated at NEOCC, a prison owned and operated by Corrections Corporation of America ("CCA"). The Complaint does not clearly set forth factual allegations describing the basis for Plaintiff's claims. Plaintiff states Defendant Pugh "denied him necessary surgery for a [sic] elbow and [Plaintiff] was being forced [to] work and continue with the pain beyond his physical []capacity, thus endangering his life." ECF No. 1 at 6. Plaintiff asserts that Defendants' failure to provide specialist care for his medical concerns constitutes cruel and unusual

---

[1] In *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), the Supreme Court provided federal inmates and detainees with a cause of action analogous to that provided in 42 U.S.C. §1983.

(4:12cv3068)

punishment, and violates due process. ECF No. 1 at 5-6. Plaintiff also appears to allege Defendants denied him medical care because he is "prisoner or a foreigner." ECF No. 1 at 5.

According to documents attached to the Complaint, Plaintiff filed a Grievance, claiming his medical concerns constituted an emergency. ECF Nos. 1-1 and 1-2. Plaintiff's grievances were denied on the grounds his medical condition did not constitute an "emergency" and, therefore, he was required to first complete the informal resolution process prior to submitting a formal grievance. ECF Nos. 1-1 and 1-2. The documentation attached to the Complaint does not provide any information regarding the nature of Plaintiff's underlying medical condition.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

(4:12cv3068)

"plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

A.   **Proper Parties and Claims**

In his Complaint, Plaintiff does not specify whether he is suing Defendants Pugh, Johnson, and Hivner in their official capacities, individual capacities, or both. In light of Plaintiff's *pro se* status, the Court will liberally construe the Complaint as alleging both official and individual capacity claims against these Defendants.

1.   **Official Capacity Claims**

To the extent Plaintiff is asserting official capacity claims against Defendants Pugh, Johnson and Hivner, these claims are dismissed. Official capacity claims against these Defendants are construed against NEOCC and, thus, CCA. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690

3

(4:12cv3068)

n. 55 (1978) ("official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Dotson v. Wilkinson*, 477 F.Supp.2d 838, 851-52 (N.D. Ohio 2007). However, CCA (which owns and operates NEOCC) is a private corporation under contract with the federal Bureau of Prisons. The Supreme Court has expressly held that a private corporation cannot be sued for damages under *Bivens*. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70-74 (2001). Because claims against CCA are barred, Plaintiff's claims against Defendants Pugh, Johnson, and Hivner in their official capacities as agents of NEOCC (and, thus, CCA) are also subject to summary dismissal under § 1915(e).

## 2. Individual Capacity Claims

Plaintiff's individual capacity claims against Defendant Johnson as NEOCC Assistant Warden are also dismissed. Plaintiff's claims against Defendant Johnson appear to be based on Johnson's rejection of Plaintiff's Grievance. It is well-established that a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. *See, e.g. Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Alder v. Corr. Med. Servs.*, 73 Fed. Appx. 839, 841 (6th Cir. 2003) (finding that "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension"). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See e.g. Shehee*, 199 F.3d at 300; *Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) (finding that "[t]he denial of the grievance is not the same as the denial of a request to receive medical care"). Thus, where the only specific allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the denial of medical treatment. *See Skinner v. Govorchin*,

4

(4:12cv3068)

463 F.3d 518, 525 (6th Cir. 2006).

Moreover, to the extent Plaintiff is alleging Defendants Pugh, Johnson and Hivner are liable in their individual capacities based on their supervisory roles as NEOCC Warden, Assistant Warden, and Medical Administrator, these claims are without merit.  The theory of *respondeat superior* does not apply in *Bivens* suits to impute liability onto supervisory personnel.  See Shehee, 199 F.3d at 300. To establish liability of a supervisor, a plaintiff must show, at a minimum, "that the official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id.  Such liability "must be based on active unconstitutional behavior" and cannot be based on the mere right to control employees. Id.  A plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999).  Supervisory liability cannot be based upon the failure to act, or simply because a supervisor denied a grievance or failed to act based upon information contained in a grievance.  See Shehee, 199 F.3d at 300; Summers v. Leis, 368 F.3d 881, 888 (6th Cir. 2004).

In the instant case, Plaintiff appears to allege generally that Defendants Pugh, Johnson and Hivner should be held liable because they had "actual or constructive notice of unconstitutional practice and demonstrate[d] gross negligence or deliberate indifference by failing to Act." ECF No. 1 at 4.  Plaintiff fails, however, to allege any specific instances of "active unconstitutional behavior" on the part of these Defendants relating to his alleged denial of medical care. In the absence of any such allegations, the Court finds Plaintiff has failed to establish any grounds to impose supervisory liability upon these Defendants.  Accordingly, the Court finds that Plaintiff's individual capacity

(4:12cv3068)

claims against Defendants Pugh, Johnson, and Hivner fail to state claims upon which relief may be granted and are subject to dismissal under § 1915(e).

Plaintiff's Eighth Amendment individual capacity claims against these Defendants for deliberate indifference to Plaintiff's serious medical needs must be dismissed for the additional reason that they are not cognizable under the Supreme Court's decision in *Minneci v. Pollard*, 565 U.S. -----, 2012 WL 43511 at *6, slip op. (2012).  In *Minneci*, the Supreme Court held a federal prisoner could not assert a *Bivens* claim for deliberate indifference to serious medical needs under the Eighth Amendment because California state tort law provided an alternative, existing process capable of protecting the constitutional interests at stake.  In so holding, the Court noted it had "found specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located," including Ohio.  *Id*. at * 8.  *See e.g. Clemets v. Heston*, 20 Ohio App.3d 132, 135-36, 485 N.E.2d 287, 291 (1985); *Ensman v. Ohio Dep't of Rehab. & Corr*., 2006 WL 3743070 at *2 (Ohio App. 10 Dist. Dec. 21, 2006).  Accordingly, the Court stated that "where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law."  *Pollard*, 565 U.S. -----, 2012 WL 43511 at *10.

Similar to the plaintiff in *Pollard*, Plaintiff herein is a federal prisoner seeking relief from

6

(4:12cv3068)

privately employed personnel working at a privately operated federal prison for alleged Eighth Amendment violations that would typically fall within the scope of traditional Ohio state tort law. Accordingly, to the extent Plaintiff is seeking monetary relief, his Eighth Amendment *Bivens* claims against Defendants Pugh, Johnson, and Hivner in their individual capacities fail to state claims upon which relief may be granted for the additional reason that they are barred under the Supreme Court's decision in *Pollard, supra*.

In light of the above, the Court finds the only potential claims remaining in the Complaint ECF No. 1 are Plaintiff's Due Process and Equal Protection claims. The Court will now consider the merits of those claims.

**B.    Due Process**

Plaintiff appears to allege that Defendants' alleged failure to provide appropriate medical care violates his due process rights under the Fifth Amendment. The Fifth Amendment provides that "no person shall be deprived of life, liberty or property, without due process of law." U.S. CONST. AMEND. V. In addition to setting the procedural minimum for deprivations of life, liberty or property, the Due Process Clause bars "certain governmental actions regardless of the fairness of the procedures used to implement them.*" Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit. *Id.*

Plaintiff herein appears to be alleging violations of his substantive due process rights. Under the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated

7

(4:12cv3068)

into the Fourteenth Amendment's limits on the power of the States as being "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937). Due process claims of this nature involve official acts which cause a deprivation of a substantive right specified in the Constitution or a federal statute. *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993). In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989).

A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agency. *Id*. at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.*

Given a liberal construction, Plaintiff's substantive due process claim appears to be based on the allegation that Defendants' alleged deliberate indifference to his medical needs was so severe that it "shocks the conscience." This claim is based on the same facts as his Eighth Amendment deliberate indifference claim. Where a specific Amendment provides an explicit source of constitutional protection against a particular sort of governmental conduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

This Court has already determined that, pursuant to *Minneci v. Pollard*, 565 U.S. ----, 132 S.Ct. 617 (2012), Plaintiff does not state an Eighth Amendment deliberate indifference claim under

(4:12cv3068)

*Bivens*. Because the Eighth Amendment guides this Court's analysis of Plaintiff's substantive due process claim, the Court finds that claim also may not proceed as a *Bivens* claim. Accordingly, Plaintiff's substantive due process claim is dismissed pursuant to 28 U.S.C. § 1915(e).

**C.     Equal Protection**

It appears Plaintiff may also be alleging an equal protection violation because Defendants denied him medical treatment due his status as "prisoner or a foreigner." ECF No. 1 at 5. As Plaintiff is challenging the actions of officials acting under color of federal law, this Court's equal protection analysis must proceed under the Fifth Amendment. The Fifth Amendment does not itself contain a guarantee of equal protection but instead incorporates, as against the federal government, the Equal Protection Clause of the Fourteenth Amendment. *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). As the Sixth Circuit recently noted, "[w]e evaluate equal protection claims against the federal government under the Fifth Amendment just as we would evaluate equal protection claims against state and local governments under the Fourteenth Amendment." *Id*.

The Equal Protection Clause of the Fourteenth Amendment commands that "no state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND. XIV, § 1. To state an equal protection claim, a plaintiff must adequately plead that the defendant treated the plaintiff "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc.*, 648 F.3d at 379. See also *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291,

9

(4:12cv3068)

312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan County Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers. *Id. See also Center for Bio-Ethical Reform, Inc.*, 648 F.3d at 379.

The Court finds Plaintiff has failed to adequately plead disparate treatment. Plaintiff does not provide factual allegations indicating Defendants provided specialist care to other inmates with medical problems similar to that experienced by Plaintiff. Moreover, Plaintiff fails to provide factual allegations regarding the nature of his medical problems, the treatment he received, or the additional care he feels should have been provided. In the absence of such allegations, the Court finds Plaintiff is unable to demonstrate that he was treated differently from similarly situated inmates. Accordingly, the Court finds the Complaint fails to state an actionable equal protection violation. This claim is also dismissed per § 1915(e).[3]

**D. Supplement to Complaint**

The Supplement (ECF No. 5) does not alter the foregoing analysis. The Supplement includes a Federal Tort Claims Act claim form in which Plaintiff states:

> After my arrest I had to undergo an operation to treat an infection in my right arm, particularly the elbow, which had previously been injured in a shooting. During this surgery the screws which were holding my elbow together was removed and was due to be re-inserted when the infection subsided. Before I could undergo this second procedure I was transferred and the surgery was never rescheduled."

---

[3] After the Supreme Court's decision in *Minneci v. Pollard*, 565 U.S. ----, 132 S.Ct. 617 (2012), it is unclear whether a *Bivens* action should be implied for equal protection claims. The Court, however, need not decide this issue based upon the record presented in this case. Even if Plaintiff's equal protection claim were cognizable under *Bivens*, it would be without merit for the reasons discussed *supra*.

(4:12cv3068)

ECF No. 5 at 1.  Plaintiff continued, "[s]ince that time I have suffered several infections as well as constant pain and suffering, which impedes my ability to work, sleep, or function in a relatively adept manner without undue pain."  ECF No. 5 at 1.  Plaintiff added, in a separate affidavit, that "since my transfer to [NEOCC] I have made repeated attempts to get this issue resolved, namely that the screws be replaced and that I undergo treatment for the injury, to no avail."  ECF No. 5 at 5.  Plaintiff also appended inmate request forms, inmate grievance forms, informal resolution forms, and an administrative appeal form, in which Plaintiff complained about pain in his elbow and the lack of medical treatment he has received for it.  ECF No. 5 at 7-21.  Like the Complaint, Plaintiff also attached CCA's denials of Plaintiff's grievances on the basis on that they were not considered "emergency grievances."  ECF No. 5 at 12, 17.

Although the Supplement provides a more full account of the condition of Plaintiff's elbow and his attempts to seek medical treatment, the additional facts do little to expand upon the constitutional claims alleged, and therefore do not change the Court's analysis above.  Nonetheless, because the documents comprising the Supplement indicate that Plaintiff is experiencing discomfort and has been unable to obtain relief from the facility where he is incarcerated, the Court finds it prudent to allow Plaintiff to refile the Complaint in the event Plaintiff is able to assert facts for which this Court can provide a remedy.

## IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e), without prejudice.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

11

(4:12cv3068)

taken in good faith.[4]


IT IS SO ORDERED.


| April 30, 2013 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."